**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0797n.06

No. 11-5284

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS** | | **FILED** |
| **FOR THE SIXTH CIRCUIT** | | ***Jul 23, 2012*** |

| | | |
|---|---|---|
| ROY L. DENTON, | ) | LEONARD GREEN, Clerk |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| STEVE RIEVLEY, in his individual capacity, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE:  CLAY and SUTTON, Circuit Judges; RICE, District Judge.[*]

PER CURIAM.  Roy L. Denton, proceeding *pro se*, appeals the district court's order denying his post-trial motion in this civil rights action filed under 42 U.S.C. § 1983.  For the following reasons, we AFFIRM.

In the early morning hours of September 9, 2006, law enforcement officers went to Denton's home in response to a complaint made by Brandon Denton, Denton's son, that he had been assaulted by his father and brother.  According to Denton, Officer Steve Rievley entered his home, arrested him, and conducted a search, all without a warrant.  Denton subsequently filed this § 1983 action against Officer Rievley asserting various constitutional claims and assault.  The first trial ended in a mistrial due to a hung jury.  A second jury returned a verdict in favor of Officer Rievley on these two issues: (1) whether Officer Rievley was liable for arresting Denton inside his home and (2)

---

[*]The Honorable Walter Herbert Rice, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

whether Officer Rievley was liable for an unlawful search and seizure inside Denton's home. The district court denied Denton's post-verdict motion for judgment as a matter of law or, in the alternative, for a new trial. *See* Fed. R. Civ. P. 50(b), 59. This timely appeal followed.

"We review a district court's denial of a Rule 50(b) motion de novo, applying the same deferential standard as the district court: 'The motion may be granted only if in viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in favor of the moving party.'" *Radvansky v. City of Olmsted Falls*, 496 F.3d 609, 614 (6th Cir. 2007) (quoting *Gray v. Toshiba Am. Consumer Prods., Inc.*, 263 F.3d 595, 598 (6th Cir. 2001)). "We must not, in conducting our review, reweigh the evidence or assess the credibility of witnesses, and our review is restricted to the evidence that was admitted at trial." *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) (internal citations and quotation marks omitted).

Neither Denton's post-verdict motion nor his appellate brief contested the jury's verdict on his unlawful arrest claim; he challenged only the jury verdict regarding the warrantless entry and search of his home. In denying Denton's motion, the district court concluded that the evidence before the jury supported findings that exigent circumstances existed at the time that Officer Rievley entered Denton's home and that Officer Rievley, while lawfully inside the home, was authorized to retrieve Brandon Denton's possessions. "Warrantless entries are permitted under exigent circumstances, which 'exist where there are real immediate and serious consequences that would certainly occur were a police officer to postpone action to get a warrant.'" *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 548 (6th Cir. 2003) (quoting *Ewolski v. City of Brunswick*, 287 F.3d 492, 501 (6th Cir. 2002)). An exigent circumstance exists when there is "an immediate and serious threat

to the safety of the police." *Bing ex rel. Bing v. City of Whitehall, Ohio*, 456 F.3d 555, 564 (6th Cir. 2006).

At trial, Officer Rievley testified that he entered Denton's home because he saw Deputy Gerald Brewer enter the house after Denton's arrest. Knowing that there was another suspect, Denton's other son, who was reportedly drunk, and that there were weapons in the house, Officer Rievley was concerned for Deputy Brewer's safety. Based on Officer Rievley's testimony about his concerns along with the fact that the officers were reporting to the scene of a violent argument, a reasonable juror could find that exigent circumstances existed at the time that Officer Rievley entered Denton's home. While lawfully inside Denton's home, Officer Rievley called Brandon Denton, who requested that Officer Rievley retrieve some personal items. Officer Rievley testified that he went to the bedroom where Brandon Denton said that his belongings were located and nowhere else and that he retrieved Brandon Denton's belongings and nothing else. There was no evidence that Officer Rievley conducted a full-blown search of Denton's home or took anything belonging to Denton. Viewed in the light most favorable to Officer Rievley, the evidence supported the jury's verdict that Officer Rievley was not liable for an unlawful search and seizure inside Denton's home.

On appeal, Denton challenges the district court's reliance on the exigent circumstances exception to the warrant requirement to deny his post-verdict motion when the defense did not argue, and the jury was not instructed on, exigent circumstances. As noted above, the evidence supported the jury's ultimate verdict. Denton also contends that Officer Rievley perjured himself about making the phone call to Brandon Denton. It is the jury's job, and not ours, to assess witness credibility. *See Sykes*, 625 F.3d at 305. Because Denton failed to demonstrate that "reasonable minds could

come to but one conclusion" in his favor, *Radvansky*, 496 F.3d at 614, the district court properly denied his Rule 50(b) motion.

Denton next challenges certain jury instructions given by the trial court. "We review a district court's denial of a new-trial motion for abuse of discretion, reversing only if we have a 'definite and firm conviction that the trial court committed a clear error of judgment.'" *Radvansky*, 496 F.3d at 614 (quoting *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 820 (6th Cir. 2000)). Denton argues that he is entitled to a new trial because the district court improperly instructed the jury on common authority. "A party is not entitled to a new trial based upon alleged deficiencies in the jury instructions unless the instructions, taken as a whole, are misleading or give an inadequate understanding of the law." *Arban v. West Publ'g Corp.*, 345 F.3d 390, 404 (6th Cir. 2003). Relying on *Georgia v. Randolph*, 547 U.S. 103 (2006), Denton contends that the district court should have instructed the jury that his direction to the officers to "get off my property, you don't have a warrant" revoked Brandon Denton's common authority over the premises. In *Randolph*, the Supreme Court held that "a warrantless search of a shared dwelling for evidence over the express refusal of consent *by a physically present resident* cannot be justified as reasonable as to him on the basis of consent given to the police by another resident." *Id*. at 120 (emphasis added). Given that Denton was not physically present when Officer Rievley entered the home and retrieved Brandon Denton's belongings, having been arrested and transported to the jail, the *Randolph* case is not on all fours with the evidence in this case. Therefore, we cannot say that the district court's failure to provide an instruction consistent with *Randolph*'s holding rendered the instructions, taken as a whole, misleading or inadequate. In sum, the district court did not abuse its discretion in denying Denton's motion for a new trial on this or any other ground.

Finally, Denton claims the district court improperly intimidated him at trial, to the point that he ceased his direct examination of rebuttal witness Brandon Denton. On rebuttal, Roy called Brandon as a witness, attempting to elicit testimony that Rievely never called him at the jail to get his permission to search the house. In a very short period of time, Rievely's attorney made several objections to the form of the questions because the testimony being elicited from Brandon did not contradict any prior trial testimony. Those objections were repeatedly sustained. Finally, the court admonished Denton, telling him, "that's the last time that's going to happen." When instructed to proceed, Denton said, "Well, Your Honor, I don't know what to ask. I feel like I got one more strike and its . . . I have no further questions, Brandon." Denton maintains that he was so intimidated at this point that he ceased his questioning even though he was right on track to impeach Rievley's testimony about the alleged phone call and to uncover the truth.

Rievely notes that a district court's trial conduct is reviewed for abuse of discretion. *McMillan v. Castro*, 405 F.3d 405, 409 (6th Cir. 2005). Rievely maintains that it appears that the judge admonished Denton for repeatedly talking over him. Although this is a possible reason for the judge's admonitions, the better reading of the transcript demonstrates that the judge admonished Denton for once again pursuing an improper line of questioning. In any event, the district court did not abuse its discretion in admonishing Denton. The transcript shows that Denton had been repeatedly warned not to interrupt the judge and repeatedly coached about the kinds of questions that he could ask Brandon on direct examination. The transcript also shows that the judge was very patient with Denton, at times overruling defense counsel's objections and providing suggestions to Denton as to how to better proceed.

Even though Denton represented himself, he was still bound by the Federal Rules of Evidence. Undoubtedly, Denton was frustrated at his inability to impeach Rievely with Denton's testimony as he had planned. Nevertheless, the court did not abuse its discretion in sustaining defense counsel's objections or in admonishing Denton for his repeated disregard of the court's instructions. Notably, even after Denton told the judge that he had no further questions, the judge tried to prompt him to continue questioning Brandon, but Denton refused.

Denton also objects to the court's comments, following an order sustaining an objection by opposing counsel earlier in the trial, that the court had advised him to get an attorney, and that, although he was doing a "remarkable" job, "it's pretty apparent to him now that there are some things that he is at a disadvantage, and one of those things is rules of evidence and asking questions. The court did not abuse its discretion in making these comments. The court told the jury that Denton was doing a remarkable job, which makes it difficult to believe that the judge's comments caused the jury to look askance at Denton. Under the circumstances presented here, the court did not deprive Denton of his right to a fair trial.

For the foregoing reasons, we AFFIRM the district court's judgment.